UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

SCOTTSDALE CAPITAL ADVISORS
CORPORATION and ALPINE
SECURITIES CORPORATION,

    Plaintiffs,

v.

FINANCIAL INDUSTRY
REGULATORY AUTHORITY, INC.,

    Defendant,

UNITED STATES OF AMERICA,

    Intervenor Defendant.

_____/

Case No.: 1:23-cv-1506-BAH

## MOTION FOR RECONSIDERATION OF MINUTE ORDER DENYING EMERGENCY PRELIMINARY INJUNCTION MOTION

Two events occurred on *April 14, 2023 and April 19, 2023* that led to Plaintiff Alpine Securities Corporation's filing of a motion for a preliminary injunction. First, on April 14, 2023, the United States Supreme Court issued its opinion in *Axon Enter., Inc. v. FTC*, 143 S.Ct. 890 (2023), resolving a circuit split regarding whether a district court has jurisdiction to consider motions to enjoin administrative enforcement actions when the Respondent has asserted constitutional claims challenging the structure of the agency, *i.e.*, the Federal Trade Commission or the Securities and Exchange Commission (the "SEC"). The Supreme Court affirmed the decision of the Fifth Circuit Court of Appeals and held that plaintiffs do not have to circumnavigate the protracted administrative review process to have a district court consider claims challenging the constitutionality of an administrative agency and its procedures. That Supreme Court decision served to overrule the contrary holding contained

1

in *Springsteen-Abbott v. SEC*, 989 F.3d 4 (D.C. Cir. 2021), cited by this Court in its Minute Order dated May 26, 2023. There is no longer any question that a plaintiff, having asserted constitutional challenges to the structure of Financial Industry Regulatory Authority, Inc. ("FINRA"), may seek an injunction of the regulatory proceeding in district court without having to first proceed through FINRA's administrative process and to the SEC.

As this Court recognized, Alpine filed a complaint in October 2022 asserting that FINRA's structure, conduct and operations are unconstitutional. In that complaint, and relying on a series of decisions from the Supreme Court that have underscored the constitutional constraints applicable to government agencies, Alpine alleged that FINRA (i) is a state actor; (ii) appoints and deploys unconstitutional hearing officers, *see Lucia v. S.E.C.,* 138 S.Ct. 2044 (2018); (iii) maintains a structure and operates in a manner that violate the Separation of Powers, *see Free Enterprise Fund, LLP v. Pub. Co. Accounting Oversight Bd.*, 561 U.S. 477 (2012), *Seila Law v. Consumer Financial Protection Bureau*, 140 S.Ct. 2183 (2020), and *Collins v. Yellen,* 141 S.Ct. 1761 (2021); and (iv) disclaims an obligation to and, in fact, fails to provide due process of law. Further, Alpine alleges that in the event FINRA is not deemed a state actor, it is a private entity that exercises governmental power in violation of the private the nondelegation doctrine. *See Carter v. Carter Coal Co.*, 298 U.S. 238, 311 (1936); *Ass'n of Am. R.R.s v. U.S. Dep't of Trasp.*, 721 F.3d 666, 670–74 (D.C. Cir. 2013), *vacated on other grounds*, 575 U.S. 43 (2015).

Five days after the decision in *Axon*, on April 19, 2023, FINRA filed a new enforcement proceeding against Alpine seeking to shut down the firm (the "Expedited Proceeding"). The Expedited Proceeding is based on allegations that, since June of 2022, Alpine has violated a cease-and-desist order issued as part of an Initial Decision of a FINRA

2

Hearing Panel ("Initial Decision") in March 2022. That Initial Decision was appealed by Alpine, which had the effect of staying the sanctions ordered by the Hearing Panel unless and until the decision is affirmed by FINRA's in-house appellate tribunal, the National Adjudicatory Counsel ("NAC"). That appeal is still pending and so the Initial Decision, according to FINRA's rules, remains nonfinal.

By arguing that Alpine has violated that earlier order, FINRA is utilizing the Expedited Proceeding to shut down Alpine on an accelerated timetable based on a ruling from a single FINRA Hearing Officer in a proceeding that does not afford due process while the appeal of the Initial Decision is pending. As the Honorable Mary S. Scriven recognized in the Order transferring this case:

> If successful in that Expedited Proceeding, FINRA would essentially sidestep the NAC appeal and terminate Plaintiffs from membership in FINRA, rendering them ineligible to continue to operate in the securities field.

Transfer Order at 5, No. 22-2347 (M.D. Fla. May 24, 2023) (hereinafter "Transfer Order"). If, as occurred in FINRA's prior case against Plaintiff Scottsdale Capital Advisors Corporation ("Scottsdale"), all findings and sanctions of the Hearing Panel end up being reversed on appeal, Alpine will have already been destroyed.

Given those circumstances, Alpine immediately filed its Emergency Motion for a Preliminary Injunction, seeking a stay of the Expedited Proceeding while the underlying, substantive issues concerning FINRA's constitutionality were considered. In that motion, Alpine demonstrated both its likelihood of success on the merits and the clear unfairness and irreparable harm that would result from FINRA being able to close Alpine under these circumstances.

3

In response, FINRA has continued to argue that it is not a state actor and therefore need not abide by the Constitution. As discussed in the brief filed in support of Alpine's Renewed Motion for a Preliminary Injunction,[1] that pivotal question of whether FINRA is a state actor has not been resolved in this jurisdiction and Alpine is likely to succeed on the merits of that issue. The D.C. Circuit has characterized FINRA's predecessor, the National Association of Security Dealers as a "quasi-governmental agency" with "quasi-governmental authority to adjudicate actions against members" and "quasi-governmental power to discipline its members." *Nat'l Ass'n of Securities Dealers v. S.E.C.*, 431 F.3d 803, 804-05, 807 (D.C. Cir. 2005). In the D.C. Circuit's most recent discussion of FINRA's status as a state actor in *Springsteen-Abbott*, the court described the issue as "contested" and did not rule on the issue. 989 F.3d at 7.

The Supreme Court in *Axon* made equally clear that, under these circumstances, Alpine has articulated and will suffer irreparable harm absent an injunction because it will be subject to an unconstitutional administrative proceeding administered by an unconstitutional administrative agency. As Justice Kagan stated in *Axon*, subjection to an illegitimate proceeding, led by an illegitimate decision maker constitutes "a here-and-now injury." *Axon*, 143 S.Ct. at 903.

The threat of irreparable harm is even more significant in this case given the imminency of FINRA's actions and the potential resulting harm to Alpine. The final hearing in the Expedited Proceeding is scheduled for May 31, 2023, it will proceed in front of a single

---

[1] In accordance with this Court's Minute Order of May 26, Alpine has revised its memorandum to incorporate relevant authorities in the D.C. Circuit. In Alpine's view, those decisions provide an even more substantial basis for Alpine's arguments concerning the unconstitutionality of FINRA.

FINRA hearing officer, it will involve FINRA's effort to enforce an "obey the law" injunction notwithstanding the law confirming the invalidity of such provisions, and an adverse ruling against Alpine would take *effect immediately*. FINRA will have succeeded in closing the doors of Alpine before the appeal from the underlying decision is even resolved. As Judge Scriven stated:

> While an appeal from the Expedited Proceeding is theoretically possible and could be requested, FINRA has acknowledged that there is no statutory or regulatory authority for automatically staying the effect of the expedited process.

Transfer Order at 5.

The severity of the harm that Alpine would suffer absent an injunction compared to the absence of harm FINRA would suffer if an injunction were issued makes clear that injunctive relief is appropriate in this case. FINRA has delayed this particular enforcement effort for over a year and the "hearing" scheduled to commence on May 31, 2023 is nothing more than a remote Zoom proceeding that could be conducted at any time. FINRA will suffer no harm or prejudice if that proceeding is stayed while this Court addresses the merits of Plaintiffs' claims.

Alpine therefore respectfully requests that the Court reconsider its Order of May 26 denying its emergency motion for a preliminary injunction. In a separate contemporaneous filing, Alpine is submitting a renewed motion for a preliminary injunction. Counsel for Alpine is conferring with FINRA's counsel concerning a briefing schedule. Alpine respectfully requests that the Court stay the Expedited Proceeding while the Court considers the substantive issues concerning the unconstitutionality of FINRA's structure and operations.

In the alternative, Alpine respectfully requests that the Court conduct a hearing on Alpine's motion within 7 days. A ruling immediately shutting down Alpine's business could

come from the FINRA Hearing Officer at any time after completion of the May 31 hearing,

but in the experience of Alpine's counsel such a ruling is unlikely to issue in less than 10 days

after the hearing occurs.

Dated: May 30, 2023

Respectfully submitted,

_/s/      David H. Thompson_

Kenneth G. Turkel*
Florida Bar No.: 867233
E-mail:  kturkel@tcb-law.com
David A. Hayes*
Florida Bar No.: 096657
E-mail:  dhayes@tcb-law.com
TURKEL CUVA BARRIOS, P.A.
100 North Tampa Street, Suite 1900
Tampa, FL  33602
Phone: (813) 834-9191

David H. Thompson (Bar No. 450503)
Cooper & Kirk, PLLC
1523 New Hampshire Ave, N.W.
Washington, D.C. 20036
Phone: (202) 220-9649

Maranda E. Fritz*
maranda@fritzpc.com
Maranda E. Fritz PC
521 Fifth Avenue 17th Floor
New York, New York 10175
Phone: (646) 584-8231

*Attorneys for Plaintiffs*
*\*Pro hac vice application forthcoming*