UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| SCOTTSDALE CAPITAL ADVISORS CORPORATION and ALPINE SECURITIES CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.,<br><br>Defendant,<br><br>UNITED STATES OF AMERICA,<br><br>Intervenor Defendant. | Case No.: 1:23-cv-1506-BAH |

**PLAINTIFFS' MOTION TO HOLD PROCEEDINGS IN ABEYANCE
PENDING THE D.C. CIRCUIT'S RESOLUTION OF THE PENDING APPEAL**

Pursuant to Fed. R. App. P. 27, Plaintiffs, by undersigned counsel, respectfully move this Court to hold these proceedings in abeyance and suspend the Briefing Order of May 30, 2023, pending the D.C. Circuit's resolution of *Alpine Securities Corporation v. FINRA*, No. 23-5129, the currently pending appeal of the preliminary injunction proceedings in this case. In light of the D.C. Circuit's recent ruling granting Alpine's motion for an injunction pending appeal and recognizing Alpine's likelihood of success on the merits, and to avoid the waste of this Court's limited judicial resources and potential confusion of simultaneous rulings by this Court and the D.C. Circuit, Plaintiffs respectfully request that the proceedings before this Court be paused until

1

the D.C. Circuit has the opportunity to address the many contested legal issues in the appeal. FINRA opposes this motion. The United States takes no position on this motion.[1]

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). The Courts seek "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). A Court "may also take account of the traditional factors in granting a stay, including the likelihood that the movant will prevail when the case is finally adjudicated."[2] *Basardh v. Gates*, 545 F.3d 1068, 1069 (D.C. Cir. 2008). The D.C. Circuit has explained that if circumstances justify "the more exacting standard for issuing a stay or preliminary injunction, they are *surely* enough to justify an order holding a case in abeyance[.]" *Id.* (internal citation omitted, emphasis added). Courts in this Circuit "often" hold cases in abeyance "in light of other pending proceedings that may affect the outcome of the case[.]" *Id. See, e.g.*, *Wagner v. Taylor*, 836 F.2d 578, 583 n.17 (D.C. Cir. 1987) (noting the district court held claims in abeyance "pending the decision of the Court of Appeals"). Indeed, district courts hold cases in abeyance even for pending decisions in *other cases* that may affect the ultimate outcome. *See, e.g.*, *Belbacha*

---

[1] To the extent that resolution of this motion may extend past August 4, 2023, which is Plaintiffs' current deadline to respond to FINRA's motion to dismiss, Plaintiffs respectfully request that the August 4 deadline be held in abeyance pending the resolution of this motion.

[2] After this Court denied Alpine's motion for preliminary injunction following a hearing and supplemental briefing, Alpine appealed and moved the D.C. Circuit for an injunction pending appeal. The D.C. Circuit granted an administrative stay and ultimately granted Alpine an injunction pending appeal. The D.C. Circuit held that Alpine "has satisfied the stringent requirements for an injunction pending appeal," including the critical factor of likelihood of success on the merits. Order, *Alpine v. FINRA*, No. 23-5129, Doc. 2006351, tat 1–2 (July 5, 2023). Thus, the D.C. Circuit's ruling establishes that Alpine is likely to succeed on the merits of its preliminary injunction appeal.

*v. Bush*, 520 F.3d 452, 457 (D.C. Cir. 2008) (collecting examples of D.D.C. cases held in abeyance for a pending Supreme Court decision).

Abeyance is all the more appropriate here, where the forthcoming decision will clarify issues regarding the parties to *this case*. For this Court to now expend its finite time and resources deciding the many threshold constitutional questions at issue—including disputed questions about how to interpret the D.C. Circuit's *own* precedent establishing the test for state action—while a D.C. Circuit opinion deciding those very issues is forthcoming, would waste this Court's limited judicial resources and create duplicative litigation. The D.C. Circuit has now set a briefing schedule and the concurring judge has specifically focused on precisely the issue that forms the principal basis for FINRA's motion to dismiss.

Further, on July 19, 2023, FINRA moved the D.C. Circuit for rehearing en banc on the panel's grant of an injunction pending appeal. Thus, notwithstanding its stated position that its motion to dismiss should proceed before this Court, FINRA is arguing that rulings on key issues in this case should come from the Court of Appeals. The D.C. Circuit will, either pursuant to its entered briefing schedule, or on rehearing en banc, consider and decide the pivotal issue of whether FINRA may be considered a state actor subject to constitutional limits. That decision on the contested legal issues in this case will then govern determination of the issues presented in the motion to dismiss and in all proceedings moving forward.

Notwithstanding that the D.C. Circuit has undertaken to decide those issues, FINRA takes the position that its motion to dismiss should move forward in this Court. In that event, both parties will be forced to brief issues to this Court that will be the subject of a forthcoming decision by the D.C. Circuit. This Court would then be called upon to issue a decision that may well conflict with what the D.C. Circuit ultimately decides. The parties and the Court would thus operate under

significant uncertainty, with the possibility of conflicting parallel decisions. If this Court and the D.C. Circuit were to enter conflicting rulings, for example, Alpine could be forced to seek a duplicative and inefficient secondary appeal of any conflicting rulings by this Court.

Parallel proceedings in both this Court and the D.C. Circuit would not only be an inefficient expenditure of this Court's and the parties' time and resources, but also could create confusion, including on fundamental issues such as which test applies, or whether state action exists for the purpose of analyzing the many constitutional claims at issue.

The relief sought by Plaintiffs will not only prevent those inefficiencies but also will serve to benefit—not prejudice—all parties. FINRA cannot dispute that the forthcoming decision by the D.C. Circuit will address and likely resolve the critical underlying issues. FINRA's position that the parties and this Court should nonetheless press ahead to brief and decide those same issues, and that this Court should then issue a decision without the benefit of the D.C. Circuit's resolution of the governing law, serves no valid purpose. FINRA will suffer no prejudice if its motion is held in abeyance because, whether this Court rules in advance of the D.C. Circuit or not, the Circuit's decision will at least inform, if not govern, the ultimate outcome of FINRA's motion to dismiss. Thus, to conserve the resources of the courts and the parties and to prevent inconsistent or conflicting rulings, Plaintiffs respectfully request that the Court hold this matter in abeyance until the D.C. Circuit resolves the appeal of this Court's preliminary injunction ruling.

In the alternative, should this Court move forward with parallel proceedings, Plaintiffs would seek leave to amend their Complaint before responding to FINRA's pending motion to dismiss. This case was transferred from the Middle District of Florida on May 26, 2023, and Plaintiffs' current Complaint is thus tailored to the law of the transferor Court. Following the transfer, this Court dismissed without prejudice Plaintiffs' motion for preliminary injunction in

part because it was tailored to the law of the transferor Court. *See* Minute Order of May 26, 2023. Plaintiffs updated their preliminary injunction motion accordingly and would do the same for their Complaint, in addition to other potential amendments. Given the extremely expedited nature of the initial proceedings before this Court, Plaintiffs have not yet had an opportunity to amend their Complaint in this Circuit and would seek to do so before filing dispositive motions briefing.

For the foregoing reasons, Plaintiffs respectfully request that the Court hold these proceedings in abeyance pending the D.C. Circuit's resolution of the currently pending appeal of this matter before it.

Dated: July 21, 2023

Kenneth G. Turkel*
Florida Bar No.: 867233
E-mail:  kturkel@tcb-law.com
David A. Hayes*
Florida Bar No.:096657
E-mail:  dhayes@tcb-law.com
TURKEL CUVA BARRIOS, P.A.
100 North Tampa Street, Suite 1900
Tampa, FL  33602
Phone: (813) 834-9191

Respectfully submitted,

*/s/David H. Thompson*
David H. Thompson (Bar No. 450503)
Brian W. Barnes*
Cooper & Kirk, PLLC
1523 New Hampshire Ave, N.W.
Washington, D.C. 20036
Phone: (202) 220-9649
dthompson@cooperkirk.com
bbarnes@cooperkirk.com

Maranda E. Fritz*
maranda@fritzpc.com
Maranda E. Fritz PC
521 Fifth Avenue 17th Floor
New York, New York 10175
Phone: (646) 584-8231

*Attorneys for Plaintiffs*
**Admitted pro hac vice*

5