**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Scottsdale Capital Advisors Corporation and Alpine Securities Corporation,<br><br>*Plaintiffs,*<br>v.<br><br>Financial Industry Regulatory Authority, Inc.,<br><br>*Defendant,*<br><br>United States of America,<br><br>*Intervenor Defendant.* | Case No. 1:23-cv-01506-BAH<br><br>**ORAL ARGUMENT REQUESTED** |

**RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

On December 23, 2025, FINRA filed a Notice of Supplemental Authority addressing *Oklahoma v. United States*, --- F.4th ---, No. 22-5487, 2025 WL 3653642 (6th Cir. Dec. 17, 2025). *See* Doc. 112 ("FINRA Notice"). In that case, the Sixth Circuit reaffirmed its prior holding that Congress made the Horseracing Integrity and Safety Authority ("HISA") "subordinate" to the Federal Trade Commission within the meaning of the Supreme Court's private non-delegation precedents. *Oklahoma*, 2025 WL 3653642 at *7. For that reason, the court rejected Oklahoma's facial challenge to HISA's enabling statute ("the Act"). *Id*. According to FINRA, it follows that Plaintiffs' challenge here should also be rejected. *See* FINRA Notice at 1. FINRA is wrong.

To begin, much of the Sixth Circuit's analysis turned on the fact that Oklahoma "brought a facial challenge," which meant the court was required to focus "on the circumstances in which the Act is most likely to be constitutional." *Oklahoma*, 2025 WL 3653642 at *7 (quotation marks omitted). For example, in rejecting Oklahoma's challenge to HISA's enforcement authority, the court imagined that the FTC "could" enact various rules to control that authority, such as a rule requiring HISA to seek its permission before initiating an enforcement action. *Id*. at *12.[1] Plaintiffs, however, challenge FINRA's authority both on its face and as-applied. *See* Pls.' Third Am. Compl. for Declaratory and Injunctive Relief, ¶¶ 135, 146, Doc. 106 (July 18, 2025). With respect to Plaintiffs as-applied challenge, hypothetical rules are plainly irrelevant. What matters is that the regulatory framework as it exists empowers FINRA to initiate and prosecute enforcement actions against Plaintiffs without any SEC supervision. *See* Pls.' Opp'n to MTD at 30–34, Doc.

[1] It is not clear the FTC has authority to enact such a rule. *See Nat'l Horsemen's Benevolent & Protective Ass'n v. Black*, 107 F.4th 415, 431–33 (5th Cir. 2024) ("*Horsemen's II*"), *cert. granted & judgment vacated*, 145 S. Ct. 2836 (2025). While FINRA asserted in its reply brief that the SEC could enact a comparable rule, *see* pp. 26–27, it did not consider whether such a rule could be squared with the Exchange Act.

110 (Oct. 17, 2025). That means any enforcement action brought by FINRA against Plaintiffs would violate the private non-delegation doctrine, which is all that Plaintiffs must show to prevail.

To the extent the Sixth Circuit held that the FTC's back-end review of HISA-imposed sanctions obviates any private non-delegation problem with HISA's enforcement authority, *see Oklahoma*, 2025 WL 3653642 at *11, that holding was wrong and directly contrary to the Fifth Circuit's decision in *Horsemen's II*. There, the Fifth Circuit observed that HISA may investigate an owner, subpoena his records, charge him with a violation, and adjudicate the dispute, all without "any supervision by the FTC." *Horsemen's II*, 107 F.4th at 430. Since the FTC's back-end review of a proposed sanction cannot undo the consequences of all these antecedent decisions, the Fifth Circuit held that the FTC's lack of front-end supervision violates the private non-delegation doctrine. *See id*. That holding was correct, and its logic applies with equal force here. *See* Pls.' Opp'n to MTD at 31–33.

In any event, even read for all its worth, the Sixth Circuit's decision does not suggest that FINRA is constitutional. The court addressed only one question—whether HISA is subordinate to the FTC—while noting that HISA's regulatory authority posed many other "complex separation-of-powers questions" that the parties did not raise. *Oklahoma*, 2025 WL 3653642 at *7. Plaintiffs here, by contrast, raise many separation-of-powers challenges to FINRA's authority, nearly all of which the Sixth Circuit consciously reserved "for a future day." *Id*.

Dated: January 6, 2026

Respectfully submitted,

<u>/s/ *David H. Thompson*</u>
David H. Thompson, Bar No. 450503
Brian W. Barnes, Bar No. 1018419
Athanasia O. Livas, Bar No. 90011199
COOPER & KIRK, PLLC
1523 New Hampshire Ave., N.W.

Washington, D.C. 20036
T: (202) 220-9649
dthompson@cooperkirk.com
bbarnes@cooperkirk.com
alivas@cooperkirk.com

Kenneth G. Turkel (*pro hac vice*)
David A. Hayes (*pro hac vice*)
TURKEL CUVA BARRIOS, P.A.
100 North Tampa Street
Suite 1900
Tampa, FL 33602
T: (813) 834-9191
kturkel@tcb-law.com
dhayes@tcb-law.com

Maranda E. Fritz (*pro hac vice*)
MARANDA E. FRITZ PC
521 Fifth Avenue
17th Floor
New York, NY 10175
T: (646) 584-8231
maranda@fritzpc.com

*Counsel for Plaintiffs Scottsdale Capital Advisors Corp. and Alpine Securities Corp.*